# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARK A. HEATHER,<br><br>       Plaintiff,<br><br>v.<br><br>KREILKAMP TRUCKING INC.,<br><br>       Defendant. | Case No. 18-CV-1840-JPS<br><br>**ORDER** |

  Plaintiff alleges that Defendant, his former employer, discriminated against him on the basis of his disability, and failed to accommodate that disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a). (Docket #1). According to Plaintiff's complaint, he worked for Defendant as a truck driver for fifteen years. He has suffered from osteoarthritis in his knee for much longer than that. In March 2015, Plaintiff suffered an acute injury to that same knee and took thirteen weeks of approved medical leave to recover.

  Plaintiff returned to work using a knee brace. However, it appears that the knee injury significantly slowed his work routine. In February 2016, Defendant changed Plaintiff's job duties to include more manual labor. He requested, and was granted, approval for an additional fifteen minutes to complete those tasks due to his disability. Also at that time, Defendant's third-party customer for whom Plaintiff was working complained about Plaintiff's work speed. Defendant removed Plaintiff from that position and assigned him to an over-the-road ("OTR") position, which required longer drives outside Wisconsin.

Plaintiff maintains that Defendant had several positions for local trucking available at the time. He asked for such a position so that he could continue receiving medical treatment for his knee. Defendant refused the request. Plaintiff nevertheless dutifully reported to the OTR job in March 2016, still wearing his knee brace. A manager told Plaintiff he was wearing the brace only for sympathy and that his medical treatments were unnecessary. Plaintiff was further informed that he needed to obtain a release from a doctor stating that he had no physical limitations before he would be allowed to return to work. Shortly thereafter Defendant terminated Plaintiff, citing his lack of speed and efficiency.

As noted above, Plaintiff brings two claims under the ADA. First, he asserts that Defendant failed to provide him a reasonable accommodation for his disability, namely a local driving position. Second, Plaintiff contends that Defendant discriminated against him on the basis of his disability through the manager's comments and his eventual termination for "speed and efficiency" issues.

Plaintiff filed this action on November 21, 2018. (Docket #1). Defendant was served in December 2018 and a scheduling conference was held on January 25, 2019. (Docket #11). The Court provided the parties with a schedule for the case which included a dispositive motion deadline of July 5, 2019. (Docket #12). There were no meaningful filings in the case until July 3, 2019, when Defendant filed a motion for judgment on the pleadings. (Docket #16). Five days later, Defendant filed a motion for partial summary judgment. (Docket #17).

The Court turns first to the motion for judgment on the pleadings. Preliminarily, the Court is baffled by Defendant's delay in presenting such a motion. The motion challenges the sufficiency of Plaintiff's allegations,

and Defendant was in possession of his complaint for approximately seven months prior to filing the motion. Why Defendant chose to wait until the deadline for dispositive motions to seek a Rule 12 dismissal is beyond the Court's understanding.

In any event, the motion is procedurally proper, so the Court will consider its merits. To state a claim for a failure to accommodate under the ADA, a plaintiff must allege that they are (1) a qualified person with a disability, (2) their employer was aware of their disability, and (3) the employer failed to reasonably accommodate their disability. *Tarpley v. City Colleges of Chi.*, 752 F. App'x 336, 349 (7th Cir. 2018). As for discrimination, a plaintiff must establish that (1) they are a person with a disability, (2) they are qualified to perform the essential functions of their job, with or without reasonable accommodation, and (3), they suffered an adverse employment action as a result of their disability. *Guzman v. Brown Cty.*, 884 F.3d 633, 641 (7th Cir. 2018).

Plaintiff's allegations easily satisfy both claims. He states that he has had osteoarthritis for decades, which was exacerbated by an acute injury in recent years. Despite these issues, he continued to work; before the injury, without a knee brace, and after the injury, with one. Defendant became aware of the disability through Plaintiff's medical leave, his subsequent requests for accommodation, and by simply viewing the knee brace when he wore it. Finally, Defendant refused to accommodate Plaintiff's disability by assigning him to one of the available local driving positions, and then terminated him for reasons stemming directly from the limitations imposed by his disability.

Defendant desires far more specificity from Plaintiff than what he provides. In particular, Defendant believes that Plaintiff has not adequately

pleaded the elements of a "disability" as defined in the ADA. This definition requires that the impairment in question substantially limits a major life activity, 42 U.S.C. § 12102(1)(A), with such activities including walking, lifting, working, and performing manual tasks, *id.* § (2)(A). Defendant also questions whether Plaintiff's osteoarthritis, a common condition, should qualify as a disability. Defendant further contends that the complaint does not explain how it was on notice of Plaintiff's disability, or that the termination decision was casually connected to the disability. Finally, Defendant's entire position is colored by its belief that a liberal notice pleading standard is not applicable to the complaint in light of the plausibility requirements stated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendant's demand for greater detail is not required by law. When addressing a motion for judgment on the pleadings, a court must apply the same standard of review as it would with a motion to dismiss. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). This standard requires the Court to accept all of Plaintiff's factual allegations as true and make all reasonable inferences in his favor. *Id.* at 728; *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). And, despite Defendant's contrary view, the federal courts still largely require mere notice pleading. *Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965–66 (7th Cir. 2019).

The recent *Freeman* opinion helps illuminate the standard of review as applied to an ADA case:

> The general rule in federal court calls only for notice pleading, see *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), but some theories of recovery require more detail than others in order to give the required notice. That is why we noted in *Tate v. SCR Medical Transportation*, 809 F.3d 343, 345 (7th Cir. 2015), that a plaintiff advancing a

claim under the ADA must allege that he is disabled but, with or without reasonable accommodation, can still do the job. Normally he also must allege what exactly makes him disabled.

The district court here faulted Freeman for not alleging that his alcoholism substantially limits a major life activity. *See Tate*, 809 F.3d at 345–46. But we read Freeman's complaint as alleging that the District regarded him as an alcoholic, *see* 42 U.S.C. § 12102(1)(C), because of his suspended license for driving under the influence of alcohol, and then it concluded from his suspension that his alcoholism impaired his ability to work at any job that involves safely moving items across a facility. Because that activity includes a broad class of work, a jury could conclude that it is a major life activity. See 29 C.F.R. § 1630.2(i)(1); *Miller v. Ill. Dept. of Transp.*, 643 F.3d 190, 195–97 (7th Cir. 2011). Freeman also alleged that he could fulfill his duties with a reasonable accommodation (bike, John Deere cart, or occupational permit), but that the District fired him anyway "due to" his alcoholism and his request to accommodate his condition. These allegations state claims for disability discrimination and retaliation. *See* 42 U.S.C. § 12102(1)(C); *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172–73 (7th Cir. 2013).

We emphasize that we are holding only that these allegations suffice to initiate Freeman's litigation. Later proceedings will determine whether he can prove them. For example, as the district court anticipated, Freeman will need to prove that his disability and his request for an accommodation, as opposed to the suspension of his driver's license (which he alleges he is not required to have for the job), motivated his discharge. We have recognized that alcoholism does not "cause" a license suspension for driving under the influence of alcohol, and so a sincere reliance on an employee's license suspension may justify an adverse employment action. *Despears v. Milwaukee Cty.*, 63 F.3d 635, 636–37 (7th Cir. 1995). But for now his allegations say enough.

*Freeman v. Metro. Water Reclamation Dist. of Greater Chi.*, 927 F.3d 961, 965-66 (7th Cir. 2019). *Freeman* further cautions that plaintiffs need not allege every

evidentiary element of their claims with specificity in their complaint. *Id.* at 965.

Here, as noted above, the allegations presented by Plaintiff and the reasonable inferences therefrom suffice to state the ADA claims he seeks to offer. Defendant's concerns are also adequately addressed. Plaintiff has identified his disability: his knee condition exacerbated by an acute injury. The disability is not limited simply to osteoarthritis. Plaintiff's allegations also explain that the disability impaired his ability to work and perform manual tasks. As to notice of the disability, the complaint offers multiple instances of at least implied, if not direct, notice of Plaintiff's knee condition. Plaintiff also appropriately alleges that a reasonable accommodation was available in the form of a local trucking assignment. *Brown v. Milwaukee Bd. of Sch. Directors*, 855 F.3d 818, 820 (7th Cir. 2017) ("Reassigning disabled employees to vacant positions that they can perform is a reasonable accommodation.") (citation omitted). Finally, the complaint also allows a ready inference that Defendant's reason for terminating Plaintiff was thinly veiled pretext.

As noted by *Freeman*, Plaintiff was required to put Defendant on notice of his claims and the basic factual allegations supporting them. He has clearly done so. Defendant's motion for judgment on the pleadings either disputes Plaintiff's allegations, which is not appropriate for such a motion, or demands too much of the allegations. The motion will, therefore, be denied. It appears that what Defendant actually desires is a ruling on summary judgment—a challenge to whether Plaintiff can prove his claims. *See Freeman*, 927 F.3d at 965–66. If Defendant had filed a motion for summary judgment, the Court could consider factual material obtained by Defendant in discovery and a burden of proof would apply to Plaintiff.

Defendant did indeed file what it termed a motion for summary judgment. (Docket #17). But inexplicably, the materials fail to comply with the unambiguous guidelines for summary judgment motions found in the Federal and Local Rules. Defendant has provided only a brief, (Docket #17), and an affidavit of counsel, (Docket #17-1 at 1–4), to which is attached a collection of exhibits, *id.* at 5–29. Though the requirements for submitting a supporting statement of facts are strict, *see* Fed. R. Civ. P. 56(c); Civ. L. R. 56(b)(1)(C), and demand a statement of facts with separate numbered paragraphs, Defendant's only recitation of the facts is found in its brief in prose form, (Docket #17 at 2–3).

Defendant attempts to excuse its willful noncompliance with the procedural rules by claiming that its motion presents a (almost) purely legal question. The question, Defendant explains, revolves around the interpretation of a settlement agreement entered into by the parties in relation to Plaintiff's worker's compensation claim.[1] But Defendant's position misses the mark for two reasons. First, the rules of summary judgment procedure are important tools for standardizing and streamlining litigation, and courts should therefore strictly enforce them. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Defendant cannot exempt itself from those rules because it believes the issue presented is simple or "purely" legal.

Second, issues of law which involve contract interpretation may, in some instances, be resolved in a motion to dismiss. *See Tierney v. Vahle*, 304 F.3d 734, 738–39 (7th Cir. 2002) (courts can consider documents outside the

---

[1]Defendant's motion for summary judgment makes no attempt to challenge Plaintiff's ability to prove the elements of his claims, as it had tried to do via the motion for judgment on the pleadings.

pleadings, like a contract, in ruling on a motion to dismiss, if the document is concededly authentic and central to the pleadings or the legal issue presented).[2] Defendant chose to file a motion for summary judgment, however, and must abide by the rules applicable to such motions. The Court cannot correct Defendant's litigation strategy *post hoc*. The motion for summary judgment must, therefore, be rejected out-of-hand for Defendant's failure to comply with the pertinent procedural rules.[3]

Accordingly,

**IT IS ORDERED** that Defendant's motions for judgment on the pleadings (Docket #16) and for summary judgment (Docket #17) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2] Ironically, Defendant relies heavily on an unreported case that followed the *Tierney* principle in deciding a motion for judgment on the pleadings. *Peddy v. Aaron's Inc.*, Case No. 18-1625, 2019 WL 763510, at *2 (E.D. La. Feb. 21, 2019). The Court cannot fathom why Defendant would choose to ignore its own citation.

[3] Plaintiff also argues that Defendant's motion is untimely, as it was filed three days after the dispositive motion deadline. Defendant counters that the court was administratively closed on the deadline day (the day after the Fourth of July), and thus the deadline was automatically extended to the next court business day. While Defendant appears correct on this point, it is an exceedingly technical position and seems inconsistent with Defendant's other conduct. Indeed, one might reasonably ask why would Defendant file one dispositive motion before the deadline, and one afterwards, if it believed that the deadline was already extended.